[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 99.]

GREENE COUNTY BAR ASSOCIATION *v*. FODAL.

[Cite as *Greene Cty. Bar Assn. v. Fodal*, 2001-Ohio-158.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter—Failing to carry out contract of employment for professional services—Failing to promptly deliver funds or other property belonging to client—Failing to cooperate in disciplinary investigation— Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 00-2229—Submitted February 7, 2001—Decided June 13, 2001.)

ON CERTIFIED REPORT by the Board of Commissioner on Grievances and Discipline of the Supreme Court, Nos. 99-63, 00-37, and 00-74.

————————————

*Per Curiam.*

{¶ 1} On October 11, 1999, relator, Greene County Bar Association, filed a two-count complaint charging that respondent, Joe R. Fodal of Fairborn, Ohio, Attorney Registration No. 0011515, violated the Code of Professional Responsibility. The Board of Commissioners on Grievances and Discipline ("board") assigned number 99-63 to the case. Respondent failed to file an answer. On April 13, 2000, relator filed a complaint charging respondent with five additional violations of the Code. The case was assigned number 00-37. Respondent failed to file an answer. On August 14, 2000, relator filed another complaint charging respondent with two more violations of the Code. The case was assigned number 00-74. Again, respondent failed to answer.

**{¶ 2}** On August 22, 2000, on the recommendation of Master Commissioner Harry W. White, to whom the board assigned the cases for hearing, all three matters were consolidated into one proceeding. On September 21, 2000, relator filed a motion for default in the consolidated cases.

**{¶ 3}** Based upon the complaint and attached affidavits in case No. 99-63, the master commissioner found that in the summer of 1998, Cindy S. Griffin hired respondent and paid him a retainer of $1,000 to represent her in a divorce proceeding. Because respondent delayed six weeks before filing the final decree after the hearing, Griffin's receipt of child support was delayed. In addition, respondent did not file until November 1999 a quitclaim deed transferring to Griffin her former husband's real estate interests, placing Griffin at a disadvantage in refinancing the property. Also, in case No. 99-63, the master commissioner found that although Larry J. and Cynthia R. Williams paid respondent $625 in December 1998 to file a bankruptcy action for them, the bankruptcy had not been filed by June 1999 when the Williamses filed a grievance with relator.

**{¶ 4}** Based on the complaint and attached affidavits filed in case No. 00-37, the master commissioner found that in 1998, Roberta M. Parnell paid respondent $450 to represent her in a divorce matter. Although respondent filed no action, he told Parnell that a court date had been set. Respondent did not return the filing fees, nor did he provide her with her file when requested to do so. In addition, the master commissioner found that in September 1998, respondent took no action on behalf of Samuel J. Hamilton, who had hired him and paid him $300 for a retainer and filing fees. Respondent also failed to return the money when Hamilton requested. Similarly, in February 1999, respondent did not file a bankruptcy for Kathylene Hobson after he was retained to do so, nor did he return the retainer paid by Hobson when she requested it.

**{¶ 5}** Scott Mundey retained respondent to represent him in a divorce action in May 1999. Six months after the decree, respondent still had not recorded the

appropriate deed of transfer. In the same month, Marvin A. Barrett hired respondent to close a real estate transaction. Respondent did not prepare the necessary documents or close the transaction and did not return Barrett's retainer. And late in 1999, after hiring respondent to handle estate and real estate matters, Calvin K. Poole received a notice from the probate court for failure to make a timely filing. Respondent also did not complete certain real estate transactions for Poole.

{¶ 6} In case No. 00-74, the master commissioner found that respondent failed to prepare and record a deed to complete a land contract purchase after being hired to do so by Patience Kendig in June 1999. And after filing an appeal from an adverse decision of the Fairborn Municipal Court for Michael D. Jones in 1998, respondent failed to file a timely brief. As a result, the appeal was dismissed and Jones was required to find new counsel to defend a foreclosure action against his residence resulting from the adverse judgment.

{¶ 7} The master commissioner concluded that respondent's actions and failures to act violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects on the attorney's ability to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(2) (failing to carry out a contract of employment for professional services), 9-102(B)(4) (failing to promptly deliver funds or other property belonging to a client), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation), and with respect to the Parnell matter DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 8} The master commissioner recommended that respondent be suspended from the practice of law for two years with the last year stayed and that respondent be placed on probation. During this probation, respondent would be required to return all documents in his possession to clients entitled to them, and with the exception of Griffin's and Poole's, to refund to clients all retainers for services not performed, and to refund an excessive retainer in the Poole matter.

Respondent would also be required to attend a continuing legal education course in office management and organization in addition to fulfilling his mandatory CLE requirement and not violate any provisions of the Code of Professional Responsibility.

{¶ 9} The board adopted the findings and conclusions of the master commissioner but recommended that respondent be indefinitely suspended from the practice of law in Ohio.

{¶ 10} We have reviewed the record and adopt the findings, conclusions, and recommendation of the board. For his actions and failures to act, respondent is indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

––––––––––––––––––

**LUNDBERG STRATTON, J., dissenting.**

{¶ 11} I respectfully dissent from the penalty recommended by the board and adopted by the majority. Respondent's pattern was so egregious as to amount to more than mere neglect. His actions in accepting money, doing no work at all, and failing to return any funds rise to the level of theft. His clients suffered serious harm. Respondent has not even bothered to respond to any of the complaints. I believe he has forfeited his right to practice law in Ohio. I would therefore disbar the respondent.

––––––––––––––––––

*Paul W. Barrett*, for relator.

––––––––––––––––––